**FILED**

APR 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**
HARRISBURG, PA

APR - 7 2008

MARY E. D'ANDREA, CLERK
Per _____
       Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION

MDL No. 1935

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in six actions pending in the District of New Jersey (two actions) and the Middle District of Pennsylvania (four actions) have submitted four motions,[1] pursuant to 28 U.S.C. § 1407, for centralization of a total of twenty actions. No responding party opposes centralization, but there is disagreement over the selection of a transferee forum. Moving and responding plaintiffs variously support centralization in the following districts: the Central District of California, the Eastern District of Michigan, the District of New Jersey, the Southern District of New York, the Eastern District of Pennsylvania, the Middle District of Pennsylvania, the Eastern District of Texas, or the Eastern District of Virginia. Responding defendants[2] support centralization in the Southern District of New York.

This litigation currently consists of twenty actions listed on Schedule A and pending in seven districts as follows: five actions each in the District of New Jersey and the Middle District of Pennsylvania, four actions in the Eastern District of Pennsylvania, three actions in the Eastern District of Michigan, and one action each in the Northern District of California, the Southern District of New York and the Eastern District of Virginia.[3]

---

[*] Judges Heyburn, Motz and Scirica took no part in the disposition of this matter. Additionally, in light of the fact that Judges Jensen, Miller, Vratil and Hansen could be members of the putative class(es) in this litigation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

[1] Although additional submissions styled as "motions" were submitted to the Panel, they were docketed as responses in accordance with Panel Rule 7.2(h). See Rule 7.2(h), R.P.J.P.M.L., 199 F.R.D. 425, 434 (2001).

[2] Cadbury Adams U.S.A. LLC; The Hershey Co. (Hershey); ITWAL Ltd.; Mars, Inc.; Masterfoods USA; and Nestle U.S.A., Inc.

[3] In addition to the twenty actions now before the Panel, the parties have notified the Panel of 51 related actions pending in various districts across the country. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L.,

Certified from the record

Date 4-8-08

Mary E. D'Andrea, Clerk
Per _____
       Deputy Clerk

- 2 -

On the basis of the papers filed and hearing session held, we find that these twenty actions involve common questions of fact, and that centralization under Section 1407 in the Middle District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All these actions arise from allegations that defendants conspired to fix, raise, maintain and/or stabilize the price of chocolate confectionary products in the United States at supracompetitive levels. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to the issue of class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Middle District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. Because defendant Hershey's worldwide headquarters are located there, and several of the defendants maintain a presence in or near that district, relevant documents and witnesses are likely located in that area.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Pennsylvania are transferred to the Middle District of Pennsylvania and, with the consent of that court, assigned to the Honorable Yvette Kane for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*       J. Frederick Motz*
Robert L. Miller, Jr.               Kathryn H. Vratil
David R. Hansen                     Anthony J. Scirica*

---

199 F.R.D. at 435-36.

IN RE: CHOCOLATE CONFECTIONARY
ANTITRUST LITIGATION	MDL No. 1935

## SCHEDULE A

### Northern District of California

Scott Lamson v. The Hershey Co., et al., C.A. No. 3:08-153

### Eastern District of Michigan

International Wholesale, Inc. v. The Hershey Co., et al., C.A. No. 2:08-10215
United Wholesale v. The Hershey Co., et al., C.A. No. 2:08-10275
United Customs Distribution v. The Hershey Co., et al., C.A. No. 5:08-10276

### District of New Jersey

CNS Confectionery Products, LLC, et al. v. The Hershey Co., et. al., C.A. No. 2:07-6088
Akisa Matsuda v. The Hershey Co., et al., C.A. No. 2:08-191
Eric Lense v. The Hershey Co., et al., C.A. No. 2:08-192
Diane Chiger v. The Hershey Co., et al., C.A. No. 2:08-195
Stephen Snow, et al. v. The Hershey Co., et al., C.A. No. 2:08-199

### Southern District of New York

Webb's Candies, Inc. v. Cadbury Adams Canada, Inc., et al., C.A. No. 1:08-382

### Eastern District of Pennsylvania

Stephen L. LaFrance Pharmacy, Inc., etc. v. The Hershey Co., et al., C.A. No. 2:08-109
Richard Miller, et al. v. The Hershey Co., et al., C.A. No. 2:08-198
Western Skier, Ltd. v. The Hershey Co., et al., C.A. No. 2:08-205
Michael W. DeMarshall v. The Hershey Co., et al., C.A. No. 2:08-253

### Middle District of Pennsylvania

Michael McNamara v. Cadbury Schweppes, PLC, et al., C.A. No. 1:07-2335
Katherine Woodman v. The Hershey Co., et al., C.A. No. 1:07-2336

- A2 -

**MDL No. 1935 Schedule A (Continued)**

### Middle District of Pennsylvania (Continued)

Glenn Coffey, etc. v. The Hershey Co., et al., C.A. No. 1:08-84
The Lorain Novelty Co., Inc. v. Cadbury Adams Canada, Inc., et al., C.A. No. 1:08-101
Mandel Tobacco Co., Inc. v. The Hershey Co., et al., C.A. No. 1:08-122

### Eastern District of Virginia

STLE Corp. v. The Hershey Co., et al., C.A. No. 1:08-19

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

---

www.cand.uscourts.gov

Richard W. Wieking                                                General Court Number
Clerk                                                                            415.522.2000

April 16, 2008

**United States District Court-Middle District of Pennsylvania**
**228 Walnut Street, Rm. 1060**
**P.O. Box 983**
**Harrisburg, PA 17108-0983**

RE: CV 08-00153 JSW  SCOTT LAMSON-v-HERSHEY COMPANY

Dear Clerk,

    Pursuant to an order transferring the above captioned case to your court, transmitted herewith are:

        ☐    Certified copy of docket entries.

        ☐    Certified copy of Transferral Order.

        ☐    Original case file documents.

        ☒    Please access the electronic case file for additional pleadings you may need.  See the attached instructions for details.

    Please acknowledge receipt of the above documents on the attached copy of this letter.

                Sincerely,
                RICHARD W. WIEKING, Clerk

                by:  Hilary D. Jackson
                Case Systems Administrator

Enclosures
Copies to counsel of record